UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JESSICA BUTERY | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 4:25-cv-000151-SRW |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**FIRST AMENDED COMPLAINT**
**(MEDICAL MALPRACTICE)**

COMES NOW Plaintiff Jessica Butery and for her cause of action against Defendant United States, alleges and states as follows:

1.     Jurisdiction is proper under 28 U.S.C. §2671, *et seq*. State claims herein, if any are brought pursuant to this Court's supplemental jurisdiction, 28 U.S.C. §1367.

2.     Plaintiff Jessica Butery is and was at all times relevant hereto a resident of the State of Missouri. Plaintiff timely filed and served an Administrative Claim as required under Federal Tort Claims Act. ("FTCA")

3.     To the date of this filing, the administrative claim has not been denied, and more than six (6) months have passed since it was served.

4.     Venue is proper in this District pursuant to 28 U.S.C. §1402 and 28 U.S.C. §1346 as the negligence alleged herein occurred in Rolla, Missouri which is in this Court's judicial district.

1

5.      At all times relevant hereto South Central Missouri Community Health Center d/b/a Four Rivers Community Health Center ("Four Rivers") was a corporation existing by and under the laws of the State of Missouri in the business of providing medical and healthcare by and through its employees, servants, agents, and/or apparent agents, which held itself out to the general public as properly skilled in the care and treatment of persons in the condition of Plaintiff Jessica Butery, with its principal offices in Phelps County, Missouri.

6.      Megan Mabe, P.A. ("Mabe") is, and at all times relevant hereto was a citizen of Missouri and a physician assistant engaged in the practice of her profession in Phelps County, Missouri, for and at Four Rivers.

7.      Matthew Porter, M.D. ("Porter") is, and at all times relevant hereto was a citizen of Missouri and a physician duly licensed to practice medicine in the State of Missouri who engaged in the practice of his profession in Phelps County, Missouri, for and at Four Rivers.

8.      At the time of Mabe and Porter's care and treatment of Jessica Butery, Four Rivers, its employees, servants, agents and apparent agents were deemed U.S. Public Health Service employees per the Federally Supported Heath Centers Assistance Act, 42 U.S.C. §§ 233(g)-(n) (FSHCAA).

9.      At all times relevant, Defendant United States acted by and through Four Rivers and its actual and apparent agents and employees, including its physicians, administrators, nurses, technicians, social workers, aides, interns, counselors, or trainees and including, but not limited to, Megan Mabe, P.A. ("Mabe") and Matthew Porter, M.D. ("Porter"). Each of said care providers held themselves out as its employee or agent, both by express statement and/or by action and uniform or insignia, and Plaintiff did rely upon such representations.

2

10.     The participants in the care and treatment of any patient, including Plaintiff Jessica Butery, are part of a system that requires communication and coordination between all providers. When there is a breakdown in communication or coordination, there is a system breakdown, and the public, including Plaintiff Jessica Butery, are placed at great risk.

11.     Likewise, if one person in the health care system does not do his or her job, or does not take advantage of all available resources, there is a system breakdown, and the public, including Plaintiff Jessica Butery, are placed at great risk. When multiple persons in the health care system fail to communicate, fail to properly evaluate a patient, or fail to monitor the patient, then the system failure is extreme and the public, including Plaintiff Jessica Butery, are placed at great risk.

12.     The care provided by Defendant to Plaintiff Jessica Butery was inadequate, far below the required standard of care, constituted a complete system breakdown and caused or contributed to cause Plaintiff Jessica Butery's injuries.

13.     On or about January 4, 2023, Plaintiff Jessica Butery went to Four Rivers located in Rolla, Missouri for a routine visit with Porter. During this visit Jessica Butery complained of a large, painful bump on her upper back and requested a referral to a surgeon for removal.

14.     The lesion was so large that it could be seen protruding from her back. A simple palpation would have indicated that it was a "giant lipoma." Instead of referring Jessica Butery to surgeon or other specialist, Porter suggested that Mabe could perform the surgery at Four Rivers.

15.     Not disclosed by Porter or Mabe was the fact that Mabe was not a surgeon, not a doctor and in fact was a physician's assistant. Contrary to Missouri law there were no visible signs posted for public view in the clinic nor the examining rooms that a physician's assistant may be examining or treating patients at Four Rivers. The National Institute of Health ("NIH")

3

includes a set of safety guidelines, to address and minimize the chance of complications regarding lipoma removal. When followed, these set of standard guidelines would have determined a clear diagnosis, ensured familiarity with the anatomical location of the lesion, and resulted in deferral of the excision of the lipoma because it extended into the subfascial plane.

16.     Even though she did not know the size or depth of the lesion, Mabe attempted to remove the giant lipoma on January 11, 2023. During the procedure, Mabe realized that the lipoma removal was more involved than she expected and should have stopped the procedure.

17.     Mabe did not stop the procedure, did not refer Jessica Butery to a specialist, but rather continued the removal in the unsterile office. At one point she had to leave Jessica Butery in the room with an open wound while she retrieved more pain numbing medication because she had run out.

18.     Within a couple of hours following the surgery, Jessica Butery developed debilitating pain, swelling and a baseball size bump had developed in and around the site of

4

incision:



Plaintiff left multiple messages for Porter and Mabe as to her concerns. Neither returned her call. Finally, and out of frustration, Jessica Butery's sister went to Four Rivers to attempt to speak with either Porter or Mabe and ask for advice. The only advice given was that Plaintiff Jessica Butery could have some additional nonstick bandages.

19.     The following day Jessica Butery went back to Four Rivers to insist that Mabe and/or Porter see her and examine the wound. Upon seeing the wound, Mabe sent Jessica to the Phelps County Regional Hospital Emergency Room.

20.     Upon arrival at the emergency room a CT scan confirmed the presence of a very large hematoma. Plaintiff Jessica Butery was admitted, and immediate surgery was recommended. On January 13, 2023, Dr. Tracy L. McCoy operated and noted a 10 cm incision site and removed a 10 x 9 x 4 cm hematoma.  The wound required electrocautery to stop the bleeding (which Mabe had not done).

21.     To allow drainage, the wound could not be closed. Due to the large hematoma, Jessica Butery left the hospital with large open wound in her upper back:



22.    Following weeks of dressing changes, packing and repacking of the wound Plaintiff Jessica Butery developed an infection which necessitated a second surgery at Phelps Regional. She now has a permanent, painful and disfiguring scar on her back:



23.     At all times relevant herein, it was the duty of Defendant United States by and through its agents, servants and employees acting within the course and scope of their employment and duties at Four Rivers to exercise that degree of skill and care that ordinarily well-qualified physicians, nurses, affiliated healthcare providers and community clinics possess and exercise under similar circumstances in the aforementioned locality or similar localities in which the aforementioned treatment was rendered to Plaintiff Jessica Butery.

24.     Defendant United States, by and through its agents, servants, and employees, negligently and unskillfully conducted itself and failed to exercise that degree of skill and care that ordinarily well-qualified health care providers would exercise in similar circumstances, in that it:

    a.   Inadequately evaluated Plaintiff Jessica Butery's medical condition; and/or

    b.   Failed to properly diagnose and treat Plaintiff Jessica Butery's medical condition; and/or

    c.   Failed to communicate with the physicians and other care providers involved in Plaintiff Jessica Butery's treatment; and/or

    d.   Failed to refer Plaintiff Jessica Butery to a specialist; and/or

    e.   Failed to properly assess and diagnose Plaintiff Jessica Butery's condition; and/or

    f.   Improperly and prematurely discharged Plaintiff Jessica Butery without a clear understanding of her medical condition; and/or

    g.   Failed to timely respond to Jessica Butery's post-surgical complaints upon her discharge; and/or

9

h. Failed to provide appropriate, adequate, and timely physician, nursing, radiology, laboratory, and other health care services; and/or

i. Failed to inform Jessica Butery that Mabe was a physician's assistant and not a medical doctor; and/or

j. Negligently and carelessly failed to treat Plaintiff Jessica Butery, and in failing to measure up to the required standards of due care and skill required and observed in the field and in further particulars, presently unknown to Plaintiffs, but which are verily believed and alleged, and will be disclosed upon proper discovery procedures in the cause of litigation herein.

25. Defendant United States through Four Rivers is negligent *per se* as it violated R.S.Mo. §§334.735 *et seq.,* the Missouri statutes that govern the licensing and permissive activities of Physician Assistants. In that;

a. Neither Porter nor Mabe identified Ms. Mabe as a physician assistant and not a doctor;

b. Neither Porter nor Mabe disclosed that the procedure Mabe performed, was not covered by any collaborative practice agreement;

c. Neither Porter nor Mabe disclosed that Mabe was not qualified or allowed to perform a surgical procedure;

d. Porter or other collaborating physicians were not available for Mabe to discuss the necessity that the procedure be aborted immediately.

e. Plaintiff did not give informed consent for Mabe to perform the surgery.

f. Plaintiff did not give informed consent for a Physician Assistant to perform the surgery.

10

26.    Defendant knew, or should have known, that the actions above could or would result in injury to Plaintiff Jessica Butery.

27.    Defendant's negligence caused or contributed to cause injury to Plaintiff Jessica Butery.

28.    As a direct and proximate result of the negligent act or omissions of Defendant United States, Plaintiff Jessica Butery has sustained permanent, physical injury, disfigurement, including but not limited to nerve injury, back injury, infections, intractable pain, confusion, memory loss, and depression, has had to seek additional medical, surgical, and rehabilitative treatment, will have additional such treatment in the future, and her ability to enjoy life has been greatly impaired and diminished and that all of his injuries, effects, and results thereof are permanent and progressive.

29.    As a direct and proximate result of the conduct of Defendant aforesaid, Plaintiff was forced to expend monies for medical, rehabilitative, and therapy expenses in connection with Plaintiff Jessica Butery's injuries and will do so in the future. She has lost time from work, has lost wages and her future earning capacity has been impaired.

30.    As a further direct and proximate result of the negligence and carelessness of Defendant, Plaintiff Jessica Butery was forced to suffer great mental and physical pain and anguish associated therewith for which Plaintiff is entitled to recover, all in an amount that Plaintiff is unable to state with exactitude at this time.

WHEREFORE, Plaintiff Jessica Butery prays this Court enter judgment in her favor and against the Defendant United States in a monetary amount that is fair, reasonable and sufficient to fully compensate Plaintiff for her losses and damages, for costs of suit, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

**CORWIN LAW GROUP LLC**

 */s/ David S. Corwin*
David S. Corwin, #38360
7710 Carondelet Ave., Suite 222
St. Louis, MO  63105
Telephone: (314) 685-8849
Facsimile:  (314) 287-4583
dcorwin@corwinlawgroup.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that I served the foregoing document to all attorneys of record via the Court's

CM/ECF electronic notification system on March 24, 2025.

*/s/ David S. Corwin*